UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN URLACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00568 |
| ) | |
| MEDICAL MAN CAVE CHICAGO ) | **JURY TRIAL DEMANDED** |
| LIMITED LIABILITY COMPANY and ) | |
| STEVEN MOTARJEME, M.D. ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT AT LAW**

Now comes the Plaintiff, BRIAN URLACHER by and through his attorneys, Barney & Karamanis, LLP, and complaining against Defendants MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY (hereinafter "MMC") and STEVEN MOTARJEME, M.D. (hereinafter "MOTARJEME") (collectively referred to herein as "the MMC Defendants" and/or "Defendants"), states as follows:

**THE PARTIES**

1. Plaintiff Brian Urlacher is an individual and is a resident of Arizona.

2. Upon information and belief, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY is a limited liability corporation organized and existing under the laws of Illinois, with its principal place of business located at 680 N Lake Shore Drive suite 1430, Chicago, IL 60611.

3. Defendant, Dr. Steven Motarjeme, is an individual, and is a citizen and resident of the State of Colorado.

4. Defendant Motarjeme is the founder and a member manager of Defendant MMC.

1

5. At all relevant times herein, Defendant Motarjeme was the actual and/or apparent agent of Defendant MMC.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. There is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY because it maintains a principal place of business, and continuously and systemically conducts, transacts, and solicits business in this State and District.

9. This Court has personal jurisdiction over Defendant STEVEN MOTARJEME, M.D. because he has given express consent by filing his appearance with this Court.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1391(c) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

11. Brian Urlacher is a well-known public figure and former NFL player who spent his entire 13-year NFL career playing for the Chicago Bears, in Chicago, Illinois.

12. Brian Urlacher has spent his career building his reputation in and around the Chicagoland area.

13. Brian Urlacher is also a long-standing spokesperson and endorser of RESTORE HAIR, a hair restoration company owning multiple clinics around the United States, including Chicago, Illinois.

14. Mr. Urlacher has no affiliation with MEDICAL MAN CAVE.

15. In the course of its business, MEDICAL MAN CAVE began advertising through its website, Google Ads, and search engine optimization ("SEO") (hereinafter collectively referred to as "MMC Ads").

16. SEOs utilize specifically chosen keyword searches and phrases in a site's web content to drive people to that website via a search engine.

17. SEOs optimize a web page for better rankings in search result pages.

18. At some point before October 13, 2023, the MMC Defendants published a website (https://medmancave.com/chicago/hair-restoration-2/) (hereinafter "the MMC Website") on the internet.

19. The MMC Website copied every aspect of a website published and owned by Restoration Holdings / RESTORE Hair (hereinafter "RH") with the exception of adding the Medical Man Cave logo at the top left corner. *See* Exhibit A and Exhibit B for reference.

20. As part of the MMC Website, Page 3 falsely lists Brian Urlacher as an "MMC Client." *See* Exhibit A 3.

21. The MMC Website goes on to show a picture of Brian Urlacher on the first page of that website.

22. The MMC Website also had another picture with the label "Brian Urlacher" under a photo of a man's scalp.

23. This photo is not of Brian Urlacher's hair and is improperly attributed to him.

24. Upon information and belief, Defendant's SEO uses the name "Urlacher," and/or "Brian Urlacher" to direct and target potential customers.

25. Upon information and belief, Defendant's SEO uses the name "Urlacher," and/or "Brian Urlacher" to direct and target potential customers without Plaintiff's permission.

26. Mr. Urlacher never gave MEDICAL MAN CAVE permission to use his name or likeness in any way.

27. Any use of the name Urlacher by MEDICAL MAN CAVE was unauthorized.

28. The MMC Defendants published the MMC Website in order to cause confusion in the marketplace and misdirect customers from RH to MMC.

29. The MMC Defendants published the MMC Website in order to gain search engine optimization ("SEO") for key words to confuse potential customers searching for RESTORE, RESTORE HAIR, and/or any of RH's celebrity clients/endorsers, including, but not limited to, Brian Urlacher.

30. Upon information and belief, the design of Defendant's SEO and inclusion of the aforementioned search terms was to interfere with Mr. Urlacher's name and likeness, and usurp business from RESTORE HAIR, a company which Mr. Urlacher endorses.

31. Upon information and belief, Defendant is capitalizing Mr. Urlacher's name and likeness by diverting potential customers to its business who have seen Mr. Urlacher endorse RESTORE HAIR and perform internet searches using Urlacher's name.

## COUNT I
## MISAPPROPRIATION OF NAME AND LIKENESS UNDER 765 ILCS 1075

32. Plaintiff repeats and realleges Paragraphs 1 through 36 this Complaint as and for Paragraph 37 of this Count I as if fully set forth herein.

33. At all times Mr. Urlacher had a right of publicity to his name and likeness in Illinois as recognized by 765 ILCS 1075 *et seq*.

34. On or before October 13, 2023, MMC began using Mr. Urlacher's name in various forms of advertising, including, but not limited to the MMC Website and SEO ads.

35. MMC used Mr. Urlacher's name as a keyword within its SEOs to bring viewers to the MMC website.

36. MMC's use of the name Urlacher was used for commercial purposes by drawing customers searching for RESTORE HAIR, for which Mr. Urlacher is a long-time spokesperson, to the MMC website instead for hair restoration services.

37. Defendant MMC used Urlacher's name its advertising and SEO keyword searches to promote its own hair restoration services, as opposed to the hair restoration services Mr. Urlacher actually endorses.

38. Defendant MEDICAL MAN CAVE never had permission to use Mr. Urlacher's name and likeness.

39. Mr. Urlacher never gave permission or any allowance of any kind, whether express or implied, written or oral, to Defendant MEDICAL MAN CAVE to use his name and/or likeness at any time.

40. Any use of Mr. Urlacher's name and likeness by MEDICAL MAN CAVE was in violation of Mr. Urlacher's right to publicity.

41. At all times relevant, Defendant MEDICAL MAN CAVE's use of the name Urlacher was willful and perpetrated with an intent to deceive the public.

42. At all times relevant, Defendant MEDICAL MAN CAVE's use of Mr. Urlacher's name and likeness was willful and perpetrated with an intent to deceive the public.

43. At all times relevant, Defendant MEDICAL MAN CAVE was fully aware that their use of "Urlacher" and Mr. Urlacher's name and likeness was unauthorized.

44. As a direct and proximate result of Defendant MEDICAL MAN CAVE's misappropriation of Mr. Urlacher's name and likeness, Mr. Urlacher was damaged economically

5

and non-economically through lost profits, loss of reputation, loss of business, dilution of name, and other and further damages resulting from Defendants' improper use of Mr. Urlacher's name and likeness.

WHEREFORE BRIAN URLACHER, by and through his attorneys, Barney & Karamanis, LLP, respectfully prays for the entry of a judgment against Defendants MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY (hereinafter "MMC") and STEVEN MOTARJEME, M.D. (hereinafter "MOTARJEME"), and each of them in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus attorney fees, court costs, and punitive damages under 765 ILCS 1075/40(b); and for such other and further relief for Plaintiff as this Court deems just and proper.

## COUNT II
## FALSE LIGHT

45. Plaintiff repeats and realleges Paragraphs 1 through 36 this Complaint as and for Paragraph 50 of this Count II as if fully set forth herein.

46. The false statements made by MEDICAL MAN CAVE about Mr. Urlacher, such as having his name below a picture that was not him was false, defamatory, and misleading when it was made.

47. The false statements made by MEDICAL MAN CAVE about Mr. Urlacher that he was an "MMC Client" was false, defamatory, and misleading when it was made.

48. The false statements made by Defendant MMC placed Mr. Urlacher in a false light by perceiving to the public, and potential client, that Mr. Urlacher received his own hair restoration treatments from Defendant MMC, and that Mr. Urlacher is affiliated with the MMC and its brand.

49. The false light Mr. Urlacher was placed in due to the false MMC statements and ads would be highly offensive to a reasonable person.

50. A reasonable person would be highly offended by the false statements as they undermine the years of hard work and dedication by Mr. Urlacher to become a well-known public figure and make a notable name for himself.

51. A reasonable person would be highly offended by the false statements as they undermine the actual affiliation Mr. Urlacher already has with an existing hair restoration company.

52. Defendants knew or should have known that those statements in the ads and SEO were false and misleading when made.

53. Defendants acted with actual malice when knowingly publishing false statements by purposely affiliating Mr. Urlacher and Medical Man Cave.

54. These statements portrayed Plaintiff Brian Urlacher in a false light, which has since damaged their reputation and caused a loss of business and revenue.

WHEREFORE, Plaintiffs, BRIAN URLACHER, by and through his attorneys, Barney & Karamanis, LLP, demands judgment against Defendants MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY (hereinafter "MMC") and STEVEN MOTARJEME, M.D. (hereinafter "MOTARJEME"), and against each of them, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus court costs; and for such other and further relief for Plaintiff as this Court deems fair and just.

## COUNT III
## PERMANENT INJUNCTION

55. Plaintiff repeats and realleges Paragraphs 1 through 36 this Complaint as and for Paragraph 60 of this Count III as if fully set forth herein.

56. At all times Mr. Urlacher had a right of publicity to his name and likeness in Illinois as recognized by 765 ILCS 1075 *et seq.*

57. Defendant MEDICAL MAN CAVE never had permission to use Mr. Urlacher's name and likeness.

58. Mr. Urlacher never gave permission or any allowance of any kind, whether express or implied, written or oral, to Defendant MEDICAL MAN CAVE to use his name and/or likeness at any time.

59. Any use of Mr. Urlacher's name and likeness by MEDICAL MAN CAVE was in violation of Mr. Urlacher's right to publicity.

60. At all times relevant, Defendant MEDICAL MAN CAVE's use of the name Urlacher was willful and perpetrated with an intent to deceive the public.

61. At all times relevant, Defendant MEDICAL MAN CAVE's use of Mr. Urlacher's name and likeness was willful and perpetrated with an intent to deceive the public.

62. At all times relevant, Defendant MEDICAL MAN CAVE was fully aware that their use of "Urlacher" and Mr. Urlacher's name and likeness was unauthorized.

63. Mr. Urlacher has a right to protect his name and likeness as outlined in 765 ILCS 1075 *et seq.*

36. Plaintiff has a likelihood of success on his claims against MEDICAL MAN CAVE because he has an exclusive right to the commercial use of his name and likeness.

37. Defendant MEDICAL MAN CAVE has no right to use the name and/or likeness of Brian Urlacher.

38. As a direct and proximate result of Defendant MEDICAL MAN CAVE's misappropriation of Mr. Urlacher's name and likeness, Mr. Urlacher was damaged economically

8

and non-economically through lost profits, loss of reputation, loss of business, dilution of name, and other and further damages resulting from Defendants' improper use of Mr. Urlacher's name and likeness.

39. Without an injunction, the damage to Plaintiff's name and reputation will continue.

WHEREFORE, Plaintiffs, BRIAN URLACHER, by and through his attorneys, Barney & Karamanis, LLP, respectfully prays that this Honorable Court grant a permanent injunction against Defendants MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY (hereinafter "MMC") and STEVEN MOTARJEME, M.D. (hereinafter "MOTARJEME"), and against each of them, preventing them from using the name "Urlacher", "Brian Urlacher", or any permutation of those names and/or preventing them from using the likeness of Brian Urlacher at any time for any reason, along with granting Plaintiff any and all court costs and attorney fees; and for such other and further relief for Plaintiff as this Court deems fair and just.

Respectfully submitted,

**BRIAN URLACHER**

By: ___/s/James A. Karamanis_____
Attorneys for Plaintiff

James A. Karamanis, Esq. (ARDC#6203479)
Barney & Karamanis, LLP.
Two Prudential Plaza
180 N. Stetson Avenue Suite 3050
Chicago, Il. 60601
Phone: (312) 553-5300
Fax: (312) 344-1901
james@bkchicagolaw.com